# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAMANDA DORGER, GABRIELLE POCCIA**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**CITY OF NAPA, NAPA POLICE CHIEF RICHARD MELTON, OFFICER BRAD BAKER, OFFICER NICK DALESSI,**<br><br>**Defendants.** | Case No.: C-12-440 YGR<br><br>**NOTICE OF TENTATIVE RULING ON MOTION TO DISMISS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON THE MOTION OF DEFENDANTS CITY OF NAPA, CHIEF RICHARD MELTON, OFFICER BRAD BAKER AND OFFICER NICK DALESSI ("DEFENDANTS") TO DISMISS COMPLAINT, SET FOR HEARING ON MAY 15, 2012, AT 2:00 P.M.:

The Court has reviewed the parties' papers and is inclined to grant the motion to dismiss, with leave to amend as to certain claims. This is a *tentative* ruling and the parties still have an opportunity to present oral argument. Alternatively, if the parties JOINTLY stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.

The Court **TENTATIVELY GRANTS** the Motion of Defendants to Dismiss (Dkt. No.17), as follows:

1. As to the claims under 42 U.S.C. § 1983 ("§ 1983") generally, Defendants contend that a suit against them in their official capacities is redundant since the City itself is a defendant. Plaintiffs do not oppose this portion of the motion. The Court agrees that these official capacity allegations are redundant and unnecessary given that the City is named. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Luke v. Abbot*, 954 F.Supp. 202, 203 (C.D. Cal. 1997). The motion to dismiss Chief Melton, and Officers Baker and Dalessi in their official capacities is GRANTED without leave to amend.

First Claim for Relief – Violation of Decedent's Rights/Successor Claim under § 1983

2. As to Plaintiffs' first claim for relief under §1983, Plaintiffs concede that this claim was intended to be pleaded as a claim on behalf of the decedent, brought in the capacity of successors-in-interest to his estate. Only Plaintiff Samanda Dorger ("Dorger") has submitted a declaration pursuant to California Code of Civil Procedure § 377.32. While Plaintiff Danielle Poccia ("Poccia") appears to occupy a position that would allow her to act as a co-successor-in-interest, she has failed to meet the statutory requirement under California law for doing so. Thus, the motion to dismiss Poccia in a successor capacity is GRANTED WITH LEAVE TO AMEND. If she elects to proceed as a co-successor-in-interest, Poccia must submit a proper affidavit.

3. Likewise, Plaintiffs concede that the nature of the claim precludes their assertion that they are bringing it in their individual capacities. Therefore, the motion to dismiss Plaintiffs in their individual capacities as to this claim is GRANTED without leave to amend.

4. Plaintiffs allege that decedent was deprived of his constitutionally-protected rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Defendants argue

that there are no allegations to support either a Fifth Amendment or Fourteenth Amendment basis for the claim:

    a. As to the Fifth Amendment basis, Plaintiffs did not oppose the motion. The Court agrees that the claim as alleged here cannot rest on the Fifth Amendment. No criminal proceedings are alleged to have been initiated, so Fifth Amendment protections never came into play. *See Chavez v. Martinez*, 538 U.S. 760, 766 (2003). The motion is GRANTED as to the Fifth Amendment basis without leave to amend.

    b. As to the Fourteenth Amendment basis, the allegations in this claim, brought on behalf of the decedent, make clear that they concern unlawful seizure committed against him personally by use of excessive force. The Fourth Amendment provides a specific textual basis for Constitutional protection in the context of an excessive force claim. Thus, the more general substantive due process protections afforded under the Fourteenth Amendment are appropriate to the analysis of the Constitutional deprivation alleged here. *See Albright v. Oliver*, 510 U.S. 266, 272-74 (1994). While Plaintiffs assert that a Fourteenth Amendment basis is viable, this ignores clear Supreme Court precedent holding that:

> *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims

*Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). The motion to dismiss as to the Fourteenth Amendment basis is therefore GRANTED without leave to amend.

<u>Second Claim for Relief – Violation of Plaintiffs' Rights Under § 1983/Wrongful Death Claim</u>

5. As to Plaintiffs' second claim for relief under §1983, Plaintiffs concede that this claim was intended to be pleaded as a wrongful death claim on behalf of themselves individually. Thus, the motion to dismiss the allegations that it is brought on behalf of Dorger as successor-in-interest to the decedent is GRANTED without leave to amend.

6. Plaintiffs alleged this claim based solely on deprivation of rights under the Fourteenth Amendment, a basis as to which Defendants do not seek to dismiss. However, in their opposition, Plaintiffs request that the Court permit them to amend to add a First and Fourth Amendment basis in addition. Defendants only expressly oppose the Fourth Amendment basis on the grounds that no wrongful death claim based upon the Fourth Amendment can be stated. As Defendants argue, Fourth Amendment rights are personal to the individual who was subject to the alleged unlawful seizure, and the Second Claim for Relief is brought as a wrongful death action, based upon injury directly to Plaintiffs. As the Ninth Circuit held in *Moreland*:

> the general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights. In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action.

*Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998) (internal citations omitted). Further, Plaintiffs have not properly made this request for leave to amend as to either the Fourth or First Amendment grounds.

The offhanded request to add these additional bases for the Second Claim for Relief is DENIED. Plaintiffs may bring a properly noticed motion, or submit a stipulation, for leave to amend as to any additional bases for this claim that they wish to pursue.

Third Claim for Relief - § 1983 Monell/Municipal Liability against City and Chief

7. Plaintiffs' Third Claim for Relief alleges "[t]he policies, practices, acts and omissions of defendants City of Napa [and] Richard Melton in his official capacity. . . the deliberate indifference of

4

such defendants and the adoption and ratification of the misconduct of Officers Baker and Dalessi as alleged herein, were the moving and causative forces behind the violations of constitutional rights and the resulting damages suffered by plaintiffs and by the decedent. " (Dckt. No. 1, Complaint, ¶37.) Plaintiffs allege these defendants failed to train officers adequately in defensive tactics, proper use of force, and handling subjects in need of mental health assistance, and failed to supervise, investigate and discipline police officers of the Napa Police Department for the violation of suspects' constitutional and personal rights. (*Id.* at ¶21-23.)

These bare allegations are not sufficient to state a *Monell* claim. Plaintiffs appear to have alleged the legal elements of a claim based upon inadequate training or ratification. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting *City of Canton v. Harris,* 489 U.S. 378, 389 (1988) (municipal liability for inadequate training requires showing defendants' "deliberate indifference to a constitutional right. . . [which is] met when 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker of the city can reasonably be said to have been deliberately indifferent to the need.'") ; (*Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).) ("To show ratification, a plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'") However, Plaintiffs mere recital of the elements is insufficient without factual allegations to support them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Thus, the motion is GRANTED WITH LEAVE TO AMEND to permit Plaintiffs' to allege facts to support the elements of a claim for *Monell* liability against the City only.

Fourth Claim for Relief -- § 1983 supervisor liability against Chief Melton

8. Plaintiffs' Fourth Claim for Relief alleges that Chief Melton "participated in the violation of plaintiffs' rights by failing to provide adequate training, supervision and discipline" of police officers. (Dkt. No. 1, Complaint, ¶ 39.)  Also, the allegations in paragraphs 21-23, as summarized above, are alleged against Chief Melton.

"A supervisor may be liable under § 1983 only if there exists either '(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir. 2001).  Thus a supervisor may be liable for the constitutional violations of subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Hydrick v. Hunter* 500 F.3d 978, 988 (9th Cir. 2007) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." (*Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the allegations against Chief Melton are simply too conclusory to support the claim. Thus, the motion is GRANTED WITH LEAVE TO AMEND to permit Plaintiffs to allege facts to support a basis for supervisorial liability against Chief Melton.

Fifth Claim for Relief – Negligence Against City and Chief Melton

9. In support of their claim for negligence against all defendants, Plaintiffs incorporate their general allegations and allege that "[o]n November 28, 2010, defendants, and each of them, were negligent by virtue of their acts and omissions alleged in this Complaint." (Dkt. No. 1, Complaint, ¶43.)  Defendants move to dismiss as to the City and Chief Melton only, arguing that Plaintiffs have not pleaded a specific statutory basis for liability against them.  Under California law, government entities and employees are immune from general tort liability and any such liability must be based on

statute. *See Hoff v. City of Vacaville,* 19 Cal.4th 925, 932 (1998). Plaintiffs concede that they are not seeking to hold Chief Melton or the City liable as direct tortfeasors. Instead, Plaintiff argues that the City's liability is based upon California Government Code § 815.2, derivative liability for the conduct of its employees. This statutory basis is not pleaded, nor are there any allegations indicating that this claim for relief is based upon the derivative liability of these defendants.

The motion is GRANTED WITH LEAVE TO AMEND to permit Plaintiffs' to allege the statutory and factual basis for a negligence claim against these defendants.

Sixth Claim for Relief - Violation of Cal. Civil Code § 52 and 52.1 (Bane Act)

10. Plaintiffs allege their Sixth Claim for Relief in their personal capacity and as successors in interest against all Defendants. They allege that Defendants interfered with decedent's rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments and Article 1, § 13 of the California Constitution, entitling them to statutory damages under California Civil Code §§ 52 and 52.1.

11. There appears to be no dispute that claims brought by Plaintiffs in their personal capacity, i.e. as wrongful death claims, are not permitted under this section of the Civil Code. Thus, the motion to dismiss them in their personal capacity is GRANTED without leave to amend.

13. As to a claim on behalf of decedent, for the reasons stated in paragraph 4 of this order (above), the Fifth and Fourteenth Amendment bases for this claim are not properly asserted. Therefore, the motion is GRANTED without leave to amend.

Injunctive Relief

14. Defendants argue that Plaintiffs have no standing to seek injunctive relief under the facts alleged here. Plaintiffs concede that injunctive relief is not available. The motion as to the claim for injunctive relief is GRANTED without leave to amend.

Therefore, the Court *tentatively* Orders the following:

7

Defendant's Motion to Dismiss is GRANTED.  Plaintiffs are granted leave to amend as follows:

a. First Claim for Relief: leave to amend to allege that Plaintiff Poccia is a successor-in-interest and to file an affidavit compliant with Cal. Code Civ. Proc. § 377.32;

b. Third Claim for Relief: leave to amend to allege facts to support the elements of a claim for *Monell* liability against the City only;

c. Fourth Claim for Relief: leave to amend to allege facts to support a basis for supervisorial liability against Chief Melton;

d. Fifth Claim for Relief: leave to amend to allege a statutory and factual basis for a negligence claim against the City and Chief Melton.

Leave to amend is otherwise denied.  However, Plaintiffs shall delete all claims that have been dismissed without leave to amend in this motion in their amended complaint.

Plaintiffs shall file and serve an amended complaint no later than June 5, 2012.  Defendants shall file and serve a response within 21 days of receipt of the amended complaint.

No later than **5:00 p.m.** on **Monday, May 14, 2012**, the parties may JOINTLY stipulate in writing to entry of this tentative ruling.  If the parties so stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.  Otherwise, the hearing will take place as scheduled.

**IT IS SO ORDERED.**

Date: May 10, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**